In re Brian McGOLDRICK, Debtor.

Dona McGOLDRICK, Plaintiff,

v.

Brian McGOLDRICK, Richard Klingbail, Sandra Klingbail, James Stang, Chapter 7 Trustee, Image Development, and Does 1 through 10, inclusive, Defendants.

James STANG, Chapter 7 Trustee, Cross–Complainant,

v.

Dona McGOLDRICK, Brian McGoldrick, Sandra Klingbail, Richard Klingbail, and Image Development, Cross–Defendants.

Bankruptcy No. LA 84–14463 KL.
Adv. No. LA 88–00797 KL.

United States Bankruptcy Court, C.D. California.

April 16, 1990.

Gilbert Robinson, Thomas E. Kent, Carol F. Anderson, Robinson, Diamant, Brill & Klausner, Los Angeles, Cal., for Dona McGoldrick.

Leonard A. Goldman, Goldman, Gordon & Lipstone, Los Angeles, Cal., Daniel B. Condon, Pasadena, Cal., for Klingbails.

**MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF ISSUES**

KATHLEEN T. LAX, Bankruptcy Judge.

### PROCEDURAL BACKGROUND

Dona McGoldrick ("Ms. McGoldrick"), plaintiff and cross-defendant in Adversary No. LA 88–00797 arising in the bankruptcy case of Brian McGoldrick ("Debtor"), has

brought a motion for summary judgment, or in the alternative, for summary adjudication of issues. This motion is opposed by Richard and Sandra Klingbail (the "Klingbails"), defendants and, by virtue of their status as the assignees of the claims of James Stang, Chapter 7 Trustee, cross-complainants in this action. The Klingbails have responded with a cross-motion for summary judgment. The cross-motion for summary judgment was denied at a prior hearing on this matter on January 12, 1990.

The complaint filed by Ms. McGoldrick seeks a judicial declaration that she is the owner of an undivided 50% interest in a certain partnership known as Image Development and that the bankruptcy estate of Brian McGoldrick, Ms. McGoldrick's former spouse, has no interest therein. The Trustee cross-complained against the Klingbails, who apparently own the other undivided 50% interest in Image Development, Ms. McGoldrick, the Debtor, and Image Development. The Trustee seeks to set aside the transfer to Ms. McGoldrick of the Debtor's interest in Image Development and a declaration that such interest is property of the bankruptcy estate.

Ms. McGoldrick moves for summary judgment on the grounds that the cross-complaint is barred by the statutes of limitations contained in 11 U.S.C. § 546(a) and Cal.Civ.Proc.Code § 338(4), leaving no triable issues of fact in this action.

## UNCONTROVERTED FACTS

The court has reviewed the pleadings and evidence presented by each of the parties and taken judicial notice of the records of this action and of the bankruptcy case. Based on this review, the court finds the following facts to be uncontroverted:

1. The Debtor, Brian McGoldrick, commenced this Chapter 7 case on July 12, 1984.

2. The Chapter 7 Trustee, James Stang ("Stang" or "Trustee") was appointed on August 30, 1984.

3. A meeting of creditors pursuant to 11 U.S.C. § 341(a) was conducted by a representative of Stang in Debtor's bankruptcy case on December 14, 1984.

4. Stang filed a "No Asset Report" in the Debtor's bankruptcy case on or about January 3, 1985.

5. The Bankruptcy Court entered an order of the Debtor's discharge on June 13, 1985.

6. The Trustee's No Asset Report was approved by the Court and the Trustee was discharged from Debtor's bankruptcy case on or about July 1, 1985.

7. On May 29, 1987, the Bankruptcy Court entered its order reopening this bankruptcy case.

8. On October 28, 1987, Stang was reappointed as the Chapter 7 trustee in Debtor's reopened case.

9. May 24, 1988, Ms. McGoldrick commenced an adversary proceeding bearing Adv. No. LA 88–00797 KL against the Debtor, the Klingbails, Stang and Image Development, a California partnership (the "McGoldrick Complaint").

10. The McGoldrick Complaint seeks declaratory relief, quiet title and an accounting.

11. On September 16, 1988, Stang, in his capacity as Chapter 7 Trustee, filed a Cross–Complaint against Ms. McGoldrick, the Klingbails, Image Development and the Debtor (the "Trustee's Cross–Complaint").

12. The Trustee's Cross–Complaint seeks declaratory relief and to set aside fraudulent conveyances.

13. The Klingbails filed their Answer to the McGoldrick Complaint on or about June 28, 1988.

14. The Trustee, Stang, filed his Answer to the McGoldrick Complaint on or about September 16, 1988.

15. Ms. McGoldrick filed her Answer to the Trustee's Cross–Complaint on or about October 4, 1988.

16. On August 7, 1989, the Bankruptcy Court entered its order approving the assignment of the Trustee's interest in the adversary proceeding and Image Development to the Klingbails.

17. The Klingbails are currently prosecuting the Trustee's Cross-complaint against Ms. McGoldrick.

18. The Trustee's Cross–Complaint was filed more than four years after Stang's appointment as Trustee on August 30, 1984.

19. On or about May 6, 1983, the Debtor entered into a marital property settlement with Ms. McGoldrick (the "Agreement").

20. The Klingbails were signatories to a document dated May 6, 1983 which purported to transfer Debtor's interest in Image Development to Ms. McGoldrick (the "Partnership Transfer Agreement").

21. On June 7, 1984, the Los Angeles Superior Court entered a Judgment on Reserved Issues in the Dissolution Proceedings between the Debtor and Ms. McGoldrick (the "Judgment") which provided, among other things, that all of the Debtor's interest in Image Development be transferred to Ms. McGoldrick.

22. The Judgment was recorded in the official records of the Recorder's Office for Los Angeles County, California on September 23, 1987.

23. The Klingbails are the owners of an undivided 50% interest in Image Development which is not in dispute in this action.

## CONCLUSIONS OF LAW

The court has concluded that Ms. McGoldrick's motion for summary judgment should be granted on the grounds that the Klingbails are not entitled to succeed to the Trustee's eligibility, if any, to plead the federal doctrine of equitable tolling of the statute of limitations.

## DISCUSSION

I. *Whether the Two Year Statute of Limitations in 11 U.S.C. § 546(a) Precludes the Cross-complainants from Maintaining an Action to Avoid a Fraudulent Conveyance under 11 U.S.C. §§ 544 and 548.*

Ms. McGoldrick claims that she is entitled to judgment as a matter of law because the statute of limitations set forth in 11 U.S.C. § 546(a) bars the action brought by the Klingbails to recover property under 11 U.S.C. §§ 544 and 548 as fraudulent transfers. Section 546(a) states:

> [A]n action or proceeding under Section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of (1) two years after the appointment of a trustee under Section 702, 1104, 1163, 1302, or 1202 of this title; or (2) the time the case is closed or dismissed.

It is undisputed that the Chapter 7 trustee filed a cross-complaint seeking to set aside a fraudulent conveyance under Sections 544 and 548 on September 16, 1988, more than two years after his appointment as trustee on August 30, 1984. A literal interpretation of the statute would preclude recovery in this case, whether these causes of action are pursued by the Trustee or by the Klingbails.

### A. The Doctrine of Equitable Tolling

The Klingbails, as assignees of the Trustee's Cross-complaint, assert that because the fraud perpetrated by the Debtor was concealed from the Trustee, the statute of limitations was tolled until the operative facts became known to the Trustee. They further assert that the Trustee commenced the avoidance action well within two years after the facts became known.

Putting aside for the moment whether the Klingbails may succeed to and assert any equitable defenses available to the Trustee, the court will first address whether equitable tolling could be asserted by the Trustee. If not, summary judgment in favor of Ms. McGoldrick would be appropriate without further analysis.

The doctrine of equitable tolling relied on by the Klingbails was articulated in *Bailey v. Glover ("Bailey")*, 88 U.S. (21 Wall) 342, 22 L.Ed. 636 (1875). In *Bailey*, Bailey brought an action against the bankrupt, Glover, and various members of the bankrupt's family, seeking to set aside certain conveyances whereby the bankrupt, for grossly inadequate consideration, placed his assets beyond the reach of his only creditor, Winston & Co. Because the bill was filed over a year after the two-year statute of limitations found in the Bankrupt Act of 1867 had run, a demurrer to the

bill was originally sustained. On appeal, the Supreme Court reversed the decision, finding that mitigating factors existed which made literal application of the statute · of limitations inequitable. The Supreme Court stated:

> To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the Statute of Limitations to protect it, is to make the law which was designed to prevent fraud, the means by which it is made successful and secure.

Therefore, the Supreme Court held:

> [W]hen there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to, the party suing, or those in privity with him.

*Bailey*, 88 U.S. at 348–51.

The federal doctrine of equitable tolling has since been applied to statutes of limitation in cases involving preferential and post-petition transfers, as well as fraudulent conveyances. *See In re Bookout Holsteins, Inc.*, 100 B.R. 427 (Bkrtcy.N.D.Ind. 1989) (statute of limitations tolled where post-petition transfer under Section 549 has been concealed); *In re Butcher*, 72 B.R. 247, 250 (Bkrtcy.E.D.Tenn.1987) (limitation period under Section 546(a) tolled where fraud is concealed); *In re Clifford Josefik*, 72 B.R. 393 (Bkrtcy.N.D.Ill.1987) (recognizing equitable tolling in a fraudulent conveyance action but applying state statute of limitations); *In re Metzeler*, 66 B.R. 977, 981 (Bkrtcy.S.D.N.Y.1986) (*Bailey* tolling doctrine applicable to Section 546(a); tolling denied for lack of diligence in discovery). The doctrine is "read into every federal statute of limitations." *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946).

Ms. McGoldrick argues that the Ninth Circuit case of *In re Lovitt* ("*Lovitt*"), 757 F.2d 1035 (9th Cir.1985) compels this court to find that the Trustee's failure to discover the alleged fraudulent transfer within the two-year statutory period is unexcused, as a matter of law, because the Trustee has an absolute duty to fully investigate the Debtor's affairs pursuant to 11 U.S.C. § 704. *Lovitt* involved reversal of an order of sale of the trustee's interest in certain leases where the leases had never been assumed by the estate and the sixty-day period for assumption or rejection had expired. The court found that the trustee's failure to discover the recorded interests did not exempt the leases from the statutory presumption of rejection.

The decision in *Lovitt* does not address the determinative factors present in the instant case. *Lovitt* did not involve fraudulent conduct or address the doctrine of equitable tolling. Instead, the court of appeals found that the bankruptcy court had no jurisdiction to sell the leases. The court based its holding on the conclusion that the leases were never a part of the estate because they were never assumed. In addition, the court noted that expiration of the sixty-day period without assumption results in an affirmative consequence: rejection of the lease. The result of rejection is that the estate no longer has any interest in the lease. Unlike in *Lovitt*, if the statute of limitations in Section 546(a) applies in this case, the estate may be barred from suing for recovery of fraudulently transferred property but it is not divested of its legal or equitable interest therein.

Statutes of limitation give some certainty to proceedings and discourage stale claims. They are not designed to reward conscious fraudulent behavior and devious schemes by safeguarding the acts of those who successfully conceal their wrongful behavior. A sweeping adoption of the *Lovitt* reasoning to all circumstances is unnecessary, inappropriate and, in the case of willful fraud, completely contrary to the doctrine of equitable tolling espoused by the Supreme Court in *Bailey*.

The court is mindful also of the Bankruptcy Appellate Panel's decision in *In re Petty* ("*Petty*"), 93 B.R. 208 (BAP 9th Cir. 1988), cited by Ms. McGoldrick. In *Petty*, the Panel held that Section 546(a)(2) does

not bar a trustee from bringing an avoidance action on reopening of a case where the case was closed under a mistaken assumption that it had been fully administered. Although the *Petty* case dealt with Section 546(a)(2), and not Section 546(a)(1) as in this case, the panel noted, in dicta, that "if the two year limitation provided in 546(a)(1) had run, the trustee's action would have been barred since that section applies even if the case has never been closed." *Petty*, 93 B.R. at 212.

While this dicta is certainly pointed, this court notes that the issue of equitable tolling was not addressed. Also, the facts in *Petty* under which the issues under Section 546(a) arose were quite different from the case before this court. The *Petty* case did not involve fraud at all. Instead, the *Petty* case was a preference action where the transfer was completed, but for the act of perfection, long before the preference period began. Therefore, this court is unable to conclude that the Panel would find the two-year bar to be absolute under the circumstances of this case.

In cases involving fraudulent conduct, the statute of limitations set forth in Section 546(a) may be tolled where the relevant facts have been concealed from the trustee and the trustee has made reasonable and diligent inquiry under the circumstances of the case.

**B. Reasonable and Diligent Inquiry by the Trustee**

■ As in every bankruptcy case, the Debtor had an affirmative duty to file schedules and a statement of affairs presenting a complete, truthful and accurate disclosure of all of his financial affairs. Bankruptcy Rules 1007 and 1008. It is undisputed that the Debtor's statement and schedules fail to disclose either a present interest in Image Development or a transfer of his interest therein within the previous year. These uncontroverted facts are complemented by the Debtor's uncontroverted deposition testimony that he assured the Klingbails, on or about the time of the initial purported transfer of his interest in the partnership to his then wife,

Ms. McGoldrick, that he was merely "putting it in her name" in order to "evade a union lawsuit" and that "everything would be the same as always.... I told them not to worry, that I was still in charge of the whole thing."

It is undisputed that the Trustee's representative conducted a timely examination of the Debtor about his affairs. It is also undisputed that the Judgment of the California Superior Court, which provided for a division of marital property and rested the Debtor's interest in Image Development in Ms. McGoldrick, was entered and a part of the records of the divorce proceeding as early as June 7, 1984.

Conflicting inferences can be drawn from these undisputed facts. The diligence of the Trustee's examination of the Debtor's affairs and the availability of and access to the information contained in the Superior Court records are matters of factual inquiry which are material to the availability of equitable tolling in this case. Therefore, it would not be appropriate to grant summary judgment based *solely* on the Trustee's failure to bring the suit within the two year period set out in Section 546(a).

**II.** *Whether the Cross-complainant's Claim for Relief under 11 U.S.C. § 544 is Barred by the Statute of Limitations under Cal.Civ.Proc.Code § 338.*

■ The Trustee's third claim for relief is based on Section 544(a) which in turn looks to the avoidance powers of a hypothetical creditor under state law which exist at the commencement of the bankruptcy case, whether or not such a creditor exists, and without regard to any knowledge of the Trustee or any actual creditor. The parties hereto agree that the applicable statute of limitations under state law, if any, is set forth in Cal.Civ.Proc.Code § 338 as three years.

Ms. McGoldrick argues that "the law is quite clear that if a creditor is barred from recovery because of the running of the statute of limitations prior to the commencement of the bankruptcy case, the trustee is likewise barred." Since it is un-

disputed that the transfer took place no earlier than May 6, 1983 and that the bankruptcy case was commenced on July 12, 1984, Ms. McGoldrick's statement of the law does not appear to be relevant to the facts of this case. The statute of limitations did not run under state law prior to the commencement of this bankruptcy case.

However, Ms. McGoldrick goes on to argue that the operative date for constructive notice to all creditors of the transfer is June 7, 1984, the date that the California Superior Court entered the Judgment providing for the transfer of the partnership interest to Ms. McGoldrick. Apparently, Ms. McGoldrick is arguing that, if the statute of limitations contained in Section 338 applies, the cause of action arising under state law expired no later than three years after June 7, 1984, or on approximately June 7, 1987. The Trustee's Cross-complaint was not filed until May 24, 1988. Therefore, if the state statute of limitations is the operative statute for actions under Section 544 and if entry of the Judgment constituted constructive notice of a potential cause of action, then the statute would have run prior to the filing of the Trustee's third cause of action. In that case, the Section 544 cause of action would fail, whether prosecuted by the Trustee or by the Klingbails.

Courts have not interpreted the interplay between the statute of limitations in Section 546 and Section 544 uniformly. Section 544 allows the trustee to utilize causes of action arising under non-bankruptcy law, each of which generally is subject to its own statute of limitations. In *In re Anderson*, 30 B.R. 995 (M.D.Tenn.1983), the district court declined to apply a one-year state statute of limitations to defeat an action otherwise timely under the two-year limitation of Section 546. In *Anderson*, the court held that "[t]he time limitations for the trustee's commencement of an adversary proceeding under 11 U.S.C. § 544 are governed exclusively by federal, not state, law." *Id.* at 1013; *see also, In the Matter of Killian Constr. Co., Inc.*, 24 B.R. 848, 849–50 (Bkrtcy.D.Idaho 1982); *In re Maytag Sales and Service, Inc.*, 23 B.R.

384, 391 (Bkrtcy.N.D.Ga.1982) (preference action).

The cases of *In re Robbins* ("*Robbins*"), 91 B.R. 879 (Bkrtcy.W.D.Mo.1988) and *In re Josefik* ("*Josefik*"), 72 B.R. 393 (Bkrtcy. N.D.Ill.1987) reach a contrary conclusion. Both *Josefik* and *Robbins* conclude that application of the substantive law of the forum state under Section 544 includes adherence to the statute of limitations applicable in the forum state, citing the Seventh Circuit's decision in *Suslick v. Rothchild Securities Corporation* ("*Suslick*"), 741 F.2d 1000 (7th Cir.1984).

In *Suslick* an action was brought under Section 17 of the Securities Act of 1933 and Section 10 of the Securities Exchange Act of 1934. The Seventh Circuit determined that because there is no general federal statute of limitations and because nothing concerning limitations existed under either of the provisions under which suit was brought, the forum state's statute of limitations controlled.

Unlike in *Suslick*, Congress has hardly been silent on the issue of the time period within which an action under Section 544 may be brought. Section 546(a), by its explicit and specific terms, applies to avoidance actions brought pursuant to Section 544. If Congress had contemplated that the Trustee is bound solely by the statute of limitations under the applicable non-bankruptcy law brought into play under Section 544, there would be no reason to include actions under Section 544 within the strictures of Section 546(a) at all.

One may argue that the two-year limitation of Section 546(a) is merely an outside bar imposed on the law of the forum state in the interests of speedy resolution of bankruptcy cases, but does not prevent the application and running of the forum state's statute of limitations between the date the bankruptcy case is commenced and the limit set by Section 546(a). In other words, Section 546(a) might be read as limiting the time available under the state statute of limitations, but not expanding it beyond its expiration date.

This court rejects such an interpretation of the interplay between Sections 544 and 546(a) because it leads to results antithetical to notions of fair play and equal distribution among creditors. If an otherwise meritorious cause of action would expire under state law without regard to the appointment of a trustee, then an unscrupulous debtor could manipulate the case under chapter 11 until the expiration of the cause of action under state law, depriving the trustee of an important avoidance tool which the debtor had no incentive to utilize. Similarly, in a Chapter 7 case, the stay of actions of creditors, gained on commencement of the case, may allow the forum state's statute to expire while the trustee is still investigating the assets of the estate.

Based on the foregoing, this court concludes that the statute of limitations properly applicable to the cause of action stated under Section 544 is that set forth in Section 546(a). Therefore, the analysis of timeliness of the Trustee's Cross-complaint under Section 546(a) and the availability of equitable tolling set forth in Section I of this Memorandum above govern. The Trustee's diligence in discovering the causes of action is an issue of material fact in determining whether the action was timely brought by the Trustee. Therefore, before addressing whether the Klingbails may succeed to the Trustee's defense of equitable tolling, this court concludes that it would not be appropriate to grant summary judgment based *solely* on the Trustee's failure to bring suit within the two-year period set forth in Section 546(a).

III. *Whether the Klingbail's Knowledge of the Debtor's Fraudulent Intent from the Date of the Alleged Fraudulent Transfer Disqualifies the Trustee's Causes of Action from Eligibility for Application of the Doctrine of Equitable Tolling.*

█ Pursuant to order of this court entered on August 7, 1989, the Klingbails acquired and succeeded to the Trustee's position in this lawsuit. At the time of the transfer of the Trustee's causes of action to the Klingbails, none of the issues presented by this motion for summary judgment were raised. The Klingbails succeeded to whatever the Trustee had, if anything.

It is now clear that what the Trustee had were causes of action which were subject to dismissal under Section 546(a) but for application, if appropriate, of equitable tolling. The question now presented by this motion for summary judgment is whether the principles of equitable tolling are available when the successor in interest to the causes of action knew the operative facts, including the Debtor's express fraudulent motive, and participated in the transfer long before the statute ran.

There is no question that the Klingbails had knowledge of the operative facts of the allegedly fraudulent transfer. The Klingbails were signatories to the May 4, 1983 agreement wherein the transfer was made from the Debtor to Ms. McGoldrick. They were active participants in the transfer.

Although the Klingbails allege in their opposition to the motion that an issue of fact exists as to whether the Klingbails actually knew of the fraudulent intent of the Debtor in making the transfer, the record for purposes of this motion for summary judgment is clear that no such issue exists. In support of the motion, Ms. McGoldrick included a portion of the deposition testimony given by the Debtor on August 6, 1986 wherein he states that he told the Klingbails that he was only transferring his interest in Image Development to his wife to evade a union lawsuit. According to the Debtor's deposition testimony, he told the Klingbails his motives because they opposed having Ms. McGoldrick as a partner and he wanted to reassure them that nothing would change in terms of how the partnership was run. The Klingbails have not come forth with any evidence to the contrary.

Ms. McGoldrick argues that the Klingbails' actual knowledge of the transfer would bar an action initiated by them on statute of limitation grounds. She further asserts that even if the Trustee would be entitled to equitable relief from the statute of limitations because the allegedly fraudu-

lently transfer was concealed from him, the Klingbails' "guilty knowledge" disqualifies them from such equitable relief as successors to the Trustee.

The Klingbails, on the other hand, assert that knowledge on their part, if any, is irrelevant because they had no ability to stop the transfer and no standing as creditors to challenge it. The court agrees that mere knowledge of a transfer is insufficient to start the time running on a cause of action if the person with knowledge is ineligible to assert the cause of action.

If the Klingbails were not creditors of the Debtor at any time before they succeeded to the Trustee's action, they would have had no legally cognizable rights to protect and no standing to commence an action. If, on the other hand, the Klingbails had standing to sue on the alleged fraudulent transfer but chose not to act on their knowledge, then it would be inappropriate to exercise the equitable jurisdiction of this court to allow them to ride on the Trustee's coattails and assume the posture of an innocent creditor. There is no evidence on this point either way.

The court also agrees that one who has no power to prevent an action should not be charged with responsibility for it. Although the Klingbails allege that they were not active or responsible participants in the alleged fraudulent transfer, this allegation is not supported or even raised by the evidence they have submitted. Mere allegations are not sufficient to raise a material issue of fact. Bankruptcy Rule 7056.

Ms. McGoldrick, on the other hand, put forth evidence establishing active participation by the Klingbails in the transfer; the Partnership Transfer Agreement, signed by the Klingbails, indicates that the Klingbails both knew of and consented to the transfer of the interest from the Debtor to Ms. McGoldrick at the time it took place.

The Partnership Transfer Agreement does not, itself, disclose whether the Klingbails' consent was necessary to accomplish the transfer. On this point, the only evidence before the court is the Debtor's uncontradicted deposition testimony that, in order to overcome the Klingbails' opposition to the transfer and secure their consent pursuant to the Partnership Transfer Agreement, he told them that it was a sham transaction and assured them that "everything will be the same as always." The Debtor's deposition testimony, taken on August 6, 1986, further states: "And it has been, up till January 1st of this year. That's when they made the offer of sale. They made it to Dona and I. That's why both of us were included in the sale price and the disbursement of the $200,000."

Equitable tolling is, by definition, an equitable remedy. As noted by the *Bookout* court, this doctrine is not an exception to the statute, but instead operates as an equitable estoppel. *Bookout*, 100 B.R. at 429. The party asserting the applicability of this doctrine must come to the court without equitable infirmities. The uncontroverted evidence before the court indicates that the Klingbails not only knew of the transfer and the Debtor's motive but were active participants who acquiesced to the transfer because it was a sham. They were not innocent bystanders to the Debtor's scheme.

Unfortunately, in this case, there are equitable infirmities on both of the remaining sides, since it is also uncontroverted that Ms. McGoldrick knew of her former husband's motives and intent with regard to the transfer of his interest in the partnership. Nevertheless, only one side, the Klingbails, seek to qualify for equitable relief.

This court concludes, as a matter of law, that the Klingbails are not entitled to assert equitable tolling of the statute of limitations. Therefore, summary judgment should be granted in favor of plaintiff Dona McGoldrick on the second and third claims contained in the Trustee's Cross-complaint for relief pursuant to Sections 548 and 544, respectively. The first and only remaining cause of action for declaratory relief is, thereby, rendered moot.

This memorandum will serve as findings of fact and conclusions of law pursuant to

**563**

Bankruptcy Rule 7056. A separate order will be entered hereon.