## In re FLORIDA WEST GATEWAY, INC., Debtor.

Joel L. TABAS, as Trustee of Florida West Gateway, Inc., Plaintiff,

v.

John J. MALONEY; John V. "Clyde" Maloney; Eagle Trust; Clifford Brandt; Edwin Hunter; Hunter and Boland; Schillileagh Air, Inc.; Comtran International, Inc.; and John Does 1 Through 10, Defendants.

Bankruptcy No. 92–14091–BKC–AJC.
Adv. No. 94–0741–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

April 25, 1995.

Mark J. Bernet, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, for trustee.

Arthur H. Rice, Arthur Halsey Rice & Associates, P.A., Miami, FL, for trustee.

Jesse C. Jones, Bailey, Hunt & Jones, P.A., Miami, FL, for Clifford Brandt.

Herbert Stettin, Herbert Stettin, P.A., Miami, FL, for Edwin Hunter and Hunter & Boland.

Homer Marlow, Marlow, Connell, Valerius, Abrams, Lowe & Adler, Miami, FL, for Edwin Hunter and Hunter & Boland.

John W. Kozyak, Kozyak Tropin Throckmorton & Humphreys, P.A., Miami, FL, for Comtran Intern., Inc.

Joel P. Kay, Sheinfeld, Maley & Kay, Houston, TX.

Joel L. Tabas, trustee, Miami, FL.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Chief Judge.

This matter is before the Court on the motion of Clifford Brandt ("Brandt") for summary judgment as to Count I of the Trustee's amended complaint. By the motion, Brandt raises the sole argument that the Trustee's action was commenced after the expiration of the applicable statute of limitations.[1] This is a core proceeding and this Court therefore has jurisdiction pursuant to 28 U.S.C. § 157(b). For the reasons discussed below, Brandt's motion will be granted in part and denied in part.

## I. BACKGROUND

Florida West Gateway, Inc. ("Florida West") was a cargo air carrier that was licensed to carry cargo from Miami to various international destinations, principally in South America. On May 7, 1992, it filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Louisiana. Subsequently, on June 23, 1992, venue of the case was transferred to the Southern District of Florida. Thereafter, on July 29, 1992, this Court entered an order directing the United States Trustee to appoint a Chapter 11 Trustee. The United States Trustee thereupon appointed Joel L. Tabas as the Chapter 11 Trustee, and such appointment was approved pursuant to a Court order dated the same day.

On July 28, 1994, the Trustee commenced this action by filing his seven-count complaint against Brandt and the other named defendants, none of whom have any interest in the pending motion for summary judgment. Brandt is the target defendant only of Count I. In that count, the Trustee alleges that on May 14, 1990, Florida West paid to Brandt the sum of $1.4 million in settlement of a lawsuit that then was pending in state court. The Trustee further alleges (1) that such payment amounted to a fraud on creditors; (2) that the payments were made with the actual intent to hinder, delay or defraud the creditors of Florida West; (3) that Florida West did not receive a reasonably equivalent value in exchange for the $1.4 million payment and that Florida West at the time (a)

1. Brandt's written motion actually raises several grounds in support of the relief he seeks. However, by agreement of the parties announced at a hearing held on March 29, 1995, the Court will consider only the statute of limitations argument at this time.

was engaged or was about to engage in a business or a transaction for which the remaining assets of Florida West were unreasonably small in relation to its business, and (b) intended to incur, or reasonably believed it would incur, debts beyond its ability to pay as they came due; (4) that at the time of the $1.4 million payment to Brandt, Florida West was insolvent or became insolvent as a result; and (5) that the transfer to Brandt, an insider, was made on account of an antecedent debt at a time that Florida West was insolvent, and that Brandt had reasonable cause at the time to believe that Florida West was insolvent.

## II.  *LEGAL ARGUMENTS*

On January 9, 1995, Brandt filed a motion for summary judgment on the basis that the Trustee failed to file this adversary proceeding prior to the expiration of the statute of limitations.  Brandt argues that fraudulent transfers occurring more than one year prior to the commencement of a bankruptcy case may not be avoided under Section 548 of the Bankruptcy Code, 11 U.S.C. § 548.  Moreover, Brandt argues that a four-year statute of limitations applies to actions brought under Florida law, pursuant to Fla.Stat. § 726.110.  Because the alleged transfer occurred more than one year prior to the commencement of the bankruptcy case and more than four years prior to the commencement of this adversary proceeding, Brandt urges the Court to grant his motion for summary judgment by concluding that the Trustee's claim is time-barred.

In response to Brandt's motion, the Trustee concedes that actions to avoid fraudulent transfers that occur more than one year pri-

or to the commencement of a bankruptcy case may not be brought under Section 548 of the Bankruptcy Code.  The Trustee argues, however, that this action is not brought under Section 548 of the Bankruptcy Code, but instead that it is brought under Section 544 of the Code, which adopts state law as federal law.  The Trustee points out that Section 546 of the Code, as in effect at the relevant time, provides that actions under Section 544 must be brought within two (2) years of the date of the Trustee's appointment.  Thus, the Trustee concludes that this action, which was commenced less than two years after his appointment, is timely.

## III.  *DISCUSSION*

Fraudulent transfers occurring within one year prior to the commencement of a Bankruptcy case may be avoided under Section 548 of the Bankruptcy Code, while fraudulent transfers occurring more than one year prior to the commencement of that case may not be avoided under that section.  11 U.S.C. § 548.  The parties and the Court agree that the Trustee's cause of action cannot be maintained under Section 548 of the Bankruptcy Code because the transfer occurred well over one year prior to the commencement of the bankruptcy case.

■   The inquiry next shifts to whether the Trustee's action is timely under other statutory authority.  The Trustee argues persuasively that under Florida's fraudulent transfer act, Fla.Stat. § 726.01 *et seq.*, the debtor lacks standing to commence any action to avoid a fraudulent transfer.[2]  Instead, a debtor's standing to bring a fraudulent transfer action under state law arises by virtue of

---

**2.**  Under Florida law, only a "creditor" has standing to seek to avoid a fraudulent transfer:

(1) In an action for relief against a transfer or obligation ... a *creditor* ... may obtain:

(a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

(b) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law;

(c) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:

1.  An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

2.  Appointment of a receiver to take charge of the asset transferred or of other property of the transferee....

Fla.Stat. § 726.108 (emphasis added).

A "creditor" is defined, under Florida law, as a person who has "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured or unsecured." *Fla.Stat.* § 726.102(3) & (4).  The record in this case offers no evidence to show that Florida West was a creditor of itself.

Section 544(a) of the Bankruptcy Code, which confers upon the debtor the status of a "hypothetical judgment lien creditor" as of the commencement of the bankruptcy case. Absent Section 544(a), a debtor such as Florida West would not be able to maintain any action under state law to avoid fraudulent transfers made by it.

■ It follows that the Trustee's cause of action is *not* brought under state fraudulent transfer law. Only upon the bankruptcy filing did Florida West obtain standing to bring an action to avoid fraudulent transfers, because it was not until the bankruptcy case was filed that Florida West became a "hypothetical lien creditor" under Section 544(a). At that time, Florida West obtained the so-called "strong arm" powers contained in Section 544(b), which allowed it to adopt as federal law any applicable non-bankruptcy law. Thus, contrary to Brandt's assertion, this cause of action is grounded upon Section 544 of the Bankruptcy Code because there is no claim or cause of action independent of that federal statute.

■ Section 546 of the Bankruptcy Code, not Fla.Stat. § 726.110, sets forth the applicable statute of limitations for Section 544 actions. Section 546 as in effect at the time, in relevant part, states as follows:

An action or proceeding under section 544 ... of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section ... 1104 ... of this title; or

(2) the time a case is closed or dismissed.

There is no dispute that this action was commenced prior to the expiration of two (2) years from the Trustee's initial appointment.

Other Courts which have considered this issue have concluded that the state-law statute of limitations is irrelevant to actions brought under Section 544 if the state-law statute had not expired prior to the commencement of the bankruptcy case. The rationale of these cases is clear: A Trustee whose action is time-barred prior to the commencement of the case should not have the benefit of having a claim resurrected because of a bankruptcy filing. However, these cases also hold that if the state-law statute of limitations has *not* run prior to the commencement of the bankruptcy case, then the relevant statute of limitations is 11 U.S.C. § 546. *See e.g. In re Mahoney, Trocki and Associates, Inc.,* 111 B.R. 914 (Bankr. S.D.Cal.1990); *In re McGoldrick,* 117 B.R. 554 (Bankr.C.D.Cal.1990); *In re Dry Wall Supply, Inc.,* 111 B.R. 933 (D.Colo.1990). *See also In re O'Neill,* 94 B.R. 739 (Bankr. M.D.Fla.1988); *In re Hansen,* 114 B.R. 927 (Bankr.N.D.Ohio 1990); *In re Mankin,* 823 F.2d 1296 (9th Cir.1987).

Under Brandt's argument, claims under Section 544 theoretically could expire as soon as one (1) day after the commencement of a bankruptcy case. Section 546 was designed to avoid such inequitable outcomes by giving the Trustee some "breathing room" to analyze potential claims under Section 544. *Dry Wall Supply,* 111 B.R. at 937.

■ Turning to the allegations of the complaint, it is obvious that the date of the alleged transfer—May 14, 1990—occurred slightly less than two (2) years prior to the commencement of the bankruptcy case. Thus, if the fraudulent transfer action could have been brought by a creditor of the debtor as of the commencement of the bankruptcy case, then the applicable statute of limitations is contained in 11 U.S.C. § 546, and the deadline for filing this adversary proceeding was July 29, 1994, two years after the Trustee's appointment.

Fla.Stat. § 726.110 provides as follows:

A cause of action with respect to a fraudulent transfer or obligation ... is extinguished unless action is brought—

(1) Under § 726.105(1)(a), within 4 years after the transfer was made or the obligation was incurred....

(2) Under § 726.105(1)(b) or § 726.106(1), within 4 years after the transfer was made or the obligation was incurred; or

(3) Under § 726.106(2), within 1 year after the transfer was made or the obligation was incurred.

The Trustee's theories against Brandt rely upon Fla.Stat. §§ 726.105(1)(a) & (b) and

726.106(1).[3] Claims which rely upon these statutes could have been brought on May 7, 1992, the day that this bankruptcy case was commenced. Therefore, this adversary proceeding was filed timely with respect to such claims.

However, in addition to the claims which rely upon Fla.Stat. §§ 726.105(1)(a) & (b) and 726.106(1), the Trustee also relies upon Fla. Stat. § 726.106(2).[4] A 544(b) action which relies upon that statute could not have been brought as of the commencement of this bankruptcy case. Therefore, to the extent that the Trustee seeks to avoid the transfer in reliance upon Fla.Stat. § 726.106(2), the action was not commenced timely.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND DECREED that Brandt's motion is granted in part, in so far as the Trustee seeks recovery against Brandt under 11 U.S.C. § 544(b) and Fla.Stat. § 726.106(2). It is further

ORDERED AND DECREED that Brandt's motion, in all other respects, is denied.

DONE AND ORDERED.

3. Fla.Stat. § 726.105(1) provides as follows:
(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
  (a) With the actual intent to hinder, delay or defraud any creditor of the debtor; or
  (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
    1. Was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
    2. Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Fla.Stat. § 726.106(1) states:
A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or became insolvent as a result of the transfer or obligation.

4. Fla.Stat. § 726.106(2) provides:

A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, if the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.