In re Sandra Lee KELPE, Debtor.

LaRuth H. FEIG, Individually and as Personal Representative of the Estate of Clarence A. Heidt, Deceased, Plaintiff,

v.

Sandra Lee KELPE, Defendant.

Bankruptcy No. 88–03527–C.
Adv. No. 88–0764–C.

United States Bankruptcy Court,
W.D. Missouri, C.D.

April 4, 1989.

William E. Barvick, Jefferson City, Mo., for defendant.

Christy Barton, Jefferson City, Mo., for plaintiff.

Jack E. Brown, Columbia, Mo., trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

### QUESTIONS PRESENTED

Under what circumstances may a court deny a moving party's motion to dismiss for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) Federal Rules of Civil Procedure?

### BRIEF ANSWER

Generally, the court will view the complaint in a light most favorable to the non-moving party. Only in rare circumstances will the court grant a motion to dismiss under Rule 12(b)(6); and if done, the court usually grants the non-moving party an opportunity to correct the complaint by filing an Amended Complaint. In short, plaintiff's complaint, filed December 5, 1988, sufficiently offers evidence upon which plaintiff can support her claims and plaintiff's motion to strike should be denied.

### DISCUSSION

This proceeding is one arising in the debtor's Case No. 88–03527–C–FWK. Before the court is defendant's Motion To Dismiss for failure to state a claim upon which relief can be granted. Also before this Court is the Plaintiff's Motion to Strike Defendant's Motion to Dismiss.

The motion before this Court centers around Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) is applicable in bankruptcy cases through Bankruptcy Rule 7012(b).

The Court generally finds, in judging the propriety of a dismissal under Rule 12(b)(6), that the motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him/her to relief. *Morton v. Becker*, 793 F.2d 185 (9th Cir. 1986); *Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982) cert. denied, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1982).

In addition, courts view a complaint in the light most favorable to the plaintiff and does not dismiss a complaint reasoned upon the premises that the "[c]ourt doubts that a plaintiff will be able to prove all of the necessary factual allegations". *Bennett v. Berg*, at 1058. In viewing the sufficiency of a plaintiff's complaint, the issue before the court "[i]s not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims". *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

In rare circumstances, the court's liberality is at an end when a "Plaintiff's complaint(s) is a wholly incomprehensible compilation of unrelated phrases, diatribes and ramblings". *White v. United States*, 588 F.2d 651 (8th Cir.1978). While granting motions under Rule 12(b)(6) in certain circumstances, courts ordinarily allow the plaintiff an opportunity to amend their complaint to correct the deficiencies.

Applying the above rules to the case in this adversary proceeding, it is clearly evident that plaintiff's complaint fully conforms to the above rules and is sufficient to entitle plaintiff to offer evidence to support her claims. In summary fashion, Counts II, III, IV and V will be viewed together with the defendant's motion to dismiss in order to demonstrate that, indeed, the defendant's motion should be denied. Count I of the complaint remains an issue and does not fall within the defendant's motion to dismiss.

First, under Count II of the motion to dismiss, defendant states that "the complaint does not allege that the transfer was

without adequate consideration and does not allege how, if at all, complainant was damaged by the alleged transfer". (Page 2). In contrast, under Count II of the complaint, plaintiff asserts that pursuant to 11 U.S.C. § 727(a)(2) defendant transferred property within one year pre-petition filing of bankruptcy and should be denied discharge. Plaintiff's complaint specifies with particularity the allegations and further shows, by way of attached exhibit, the defendant did in fact transfer property on November 23, 1987, which was well within the one year before the bankruptcy petition was filed. (Paragraph 18).

Second, under Count III of the motion to dismiss, the defendant generally states that "the complaint fails to state a claim upon which relief can be granted ...". (Page 2.) The complaint, on the other hand, specifically states that defendant should not be entitled to discharge of her debts because she made a false oath in her statement of affairs when the bankruptcy petition was filed. (Paragraph 22).

Third, under Count IV of the motion to dismiss, the defendant states that "the complaint does not identify a single asset which debtor is alleged to have lost". (Page 3). The complaint, in actuality, does identify a number of items which the defendant failed to satisfactorily explain the loss of certain assets at the scheduled § 341 Meeting of Creditors. (Paragraph 27),

Finally, under Count V of the motion to dismiss, the defendant asserts that the complaint fails to allege any prohibited act under 11 U.S.C. § 727(a) and further asserts that defendant has not engaged in any business which would require her to keep certain books and records. (Page 3). The complaint states that as a result of defendant's failure to explain the loss of substantial household income and personal property purchased, plaintiff believes that defendant has "destroyed or failed" to keep or preserve any recorded information. (Paragraph 30).

### CONCLUSION

In conclusion, defendant's Motion To Dismiss should be denied because plaintiff's complaint sufficiently establishes a basis upon which she can offer evidence to support her claims. The complaint does not warrant dismissal unless it is clearly "incomprehensible".

SO ORDERED.

The foregoing Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.