**In re James W. & Anne FRANK, Debtors,**

**Patrick J. MALLOY, Trustee, Plaintiff,**

**v.**

**James W. FRANK and Anne Frank, Defendants.**

**Bankruptcy No. 89–02543–C.**

**Adv. No. 92–0227–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Oct. 29, 1992.

Patrick J. Malloy III, Tulsa, Okl., for plaintiff.

Robert A. Pendergrass, Mark D. Lyons, Tulsa, Okl., for defendants.

MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

The Plaintiff filed this adversary proceeding on July 23, 1992 against the Debt-

ors seeking to revoke their discharge pursuant to § 727(d)(1) and (2) of the Bankruptcy Code. The Debtors filed a Motion to Dismiss based upon the applicable statute of limitations set forth in § 727(e). The Court directed the parties to file briefs on the statute of limitations issue only and the Court would treat the Debtors' Motion to Dismiss as one for summary judgment. Upon review of the record and applicable law, the Court finds as follows.

### Facts

On August 25, 1989, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Plaintiff was appointed Trustee. The Debtors were granted a discharge on December 15, 1989. The case was closed on January 26, 1990.

On March 20, 1992, the Trustee filed a Motion to Reopen the Case and for Withdrawal of Trustee's Report of No Distribution, which was granted by the Court on March 24, 1992. The Trustee commenced this adversary proceeding seeking to revoke the Debtors' discharge on July 23, 1992. The Trustee asserts that the Debtors discharge should be revoked pursuant to §§ 727(d)(1) and (2) because the Debtors fraudulently concealed the true nature and value of their household goods and other personal possessions in their Chapter 7.

In their original bankruptcy schedules, the Debtors valued their household goods at $1,000.00 and their other personal possessions such as clothing, jewelry and firearms at $250.00. Based on these representations, the Trustee did not require an itemization of assets but approved the Debtors' exemptions and filed his report as a no asset case. Consequently, the Debtors received a timely discharge.

However, in January 1991, after the Debtors had received a discharge and their case had been closed, the Debtors commenced an action in state court for damages to the above items. The items were now valued in excess of $15,000.00. The Trustee claims that the Debtors' sworn testimony in the state court action indicates that approximately $8,828.00 is attributable to non-exempt assets which should have been available to creditors in their Chapter 7 case.

### Issue

The dispositive issue is whether the complaint seeking to revoke the Debtors' discharge pursuant to §§ 727(d)(1) and (2) is barred by the statute of limitations set forth in § 727(e).

### Analysis

Sections 727(d) and (e) of the Bankruptcy Code govern proceedings to revoke a debtor's discharge. Section 727(d) states in pertinent part:

(d) On request of the trustee ... the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

The time within which one may request revocation of a discharge under § 727(d) is governed by § 727(e), which states as follows:

(e) The trustee ... may request a revocation of a discharge—

(1) under subsection (d)(1) of this section within one year after such discharge is granted; or

(2) under subsection (d)(2) or (d)(3) of this section before the later of—

(A) one year after the granting of such discharge; and

(B) the date the case is closed.

■ The inquiry into whether a complaint to revoke a discharge has been timely brought necessarily begins with the language of the statute itself. If statutory language is unambiguous, the language controls and "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enter-*

*prises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290, 298 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)); *United States v. Brittain*, 931 F.2d 1413 (10th Cir.1991). In fact, in recent cases the Supreme Court has repeatedly held that the Bankruptcy Code should be interpreted to give effect to the plain meaning of its terms.[1]

The language of § 727(e) is clear and unambiguous. It requires actions to revoke a discharge under § 727(d)(1) to be brought within one year of the granting of the discharge. It requires actions to revoke a discharge under § 727(d)(2) to be brought within one year of the granting of the discharge or the closing of the case, whichever is later.

In this case, both the motion to reopen the Debtors' Chapter 7 and the adversary complaint to revoke the Debtors' discharge were filed well over two years after the discharge and the closing of the case. Therefore, under the plain language of § 727(e), the Trustee's complaint seeking to revoke the Debtors' discharge is untimely.

■ When interpreting statutory language, "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Ron Pair Enterprises, supra,* 489 U.S. at 242, 109 S.Ct. at 1031, 103 L.Ed.2d at 299. Here, the plain language of § 727(e) leaves no doubt as to the meaning of its terms.

Additional support that Congress meant what it said when drafting § 727(e) can be found in Bankruptcy Rule 9024, which states in pertinent part:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that ... a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code....

The Advisory Committee Note points out that Bankruptcy Rule 9024 "make[s] it clear that the time period established by Section 727(e) of the Code may not be circumvented." Furthermore, according to the leading treatise on the Code, § 727(e) "is not a mere statute of limitations, but an essential prerequisite to the proceeding." *4 COLLIER on Bankruptcy* ¶ 727.16 at 727–113 (15th Ed.1992).

In the recent Supreme Court decision of *Taylor v. Freeland & Kronz,* — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Court reiterated the basic rule of statutory construction that statutes must be interpreted according to their plain meaning, even though it may lead to harsh results. That case also involved a time limitation imposed in bankruptcy proceedings. The trustee had attempted to contest the validity of an exemption after the time to do so had expired. The Court looked to the plain language of the applicable sections in the Bankruptcy Code and the Bankruptcy Rules and strictly enforced them according to their terms. Therefore, the trustee was barred from objecting to the debtor's exemption after the applicable time limit had expired, even though the parties agreed that the debtor did not have the right to take the exemption in the first place.

■ The only case on which the Trustee relies in arguing that his complaint is timely is *In re Succa,* 125 B.R. 168 (Bankr. W.D.Tex.1991). The Court in this case applied the equitable tolling doctrine to the limitations period established by § 727(e)(2) where a debtor had fraudulently concealed assets during his bankruptcy case.

This Court respectfully declines to follow the Court's reasoning in *In re Succa, supra.* First, it is factually distinguishable from this case. More importantly, the holding in that case has the effect of re-

---

**1.** See *Patterson v. Shumate,* — U.S. —, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Taylor v. Freeland & Kronz,* — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Connecticut Nat'l Bank v. Germain,* — U.S. —, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); *United States v. Nordic Village, Inc.,* — U.S. —, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Union Bank v. Wolas,* — U.S. —, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991)

writing the Code to consume the rule set forth in § 727(e). This a court cannot do. It is the Court's job to interpret statutes, not to rewrite them or to read them in such a way as to nullify their meaning.

■ A complaint to revoke a discharge may be filed only within the time allowed under 727(e) of the Bankruptcy Code.[2] The Trustee's complaint was not timely filed and therefore the Debtor's Motion to Dismiss, being treated as one for summary judgment, is granted. An order consistent with this Opinion is being issued simultaneously.

2. It should be noted that nothing in the Bankruptcy Code prevents the trustee from reopening a case to administer assets that have been fraudulently concealed. Section 727(e) merely states that a debtor's discharge cannot be revoked after the time limits prescribed.