In re Sandra Fox **JOHNSON**, Debtor.

**Gerald H. DAVIS, Chapter 7 Trustee, Plaintiff,**

v.

**Sandra Fox JOHNSON, Defendant.**

**Bankruptcy No. 93–07233–B7.
Adv. No. 94–90908–B7.**

United States Bankruptcy Court, S.D. California.

Oct. 5, 1995.

Brian A. Kretsch, Karp, Richardson & DerOvanesian, San Diego, CA, for plaintiff.

## MEMORANDUM DECISION

PETER W. BOWIE, Bankruptcy Judge.

The central issue in this case is whether equitable tolling applies to toll the limitations period for bringing an action under 11 U.S.C. § 727(d)(2) to revoke the debtor's discharge.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

### FACTS

Debtor filed her petition in bankruptcy under Chapter 7 on July 2, 1993. On or about November 8, 1993 debtor was granted a discharge. The case was closed by Order entered December 2, 1993. Subsequently, the trustee moved to reopen the case, which motion was granted by Order entered on July 29, 1994. On December 23, 1994, the trustee filed the instant adversary proceeding, seeking to revoke the debtor's discharge.

In his complaint, the trustee alleges that in March, 1994 the debtor collected approximately $5,500 that her ex-husband had owed to her prior to the date the bankruptcy was filed. Debtor had not listed the ex-husband's obligation in her schedules as an asset, whether in the form of an account receivable or otherwise. The trustee alleges that the debtor knowingly and fraudulently failed to report the asset to the trustee, or to turn it over to him after receipt. The trustee alleges he learned of the existence of the asset about one week after debtor received the funds, in March, 1994. As noted, the trustee's complaint was filed on December 23, 1994.

### DISCUSSION

Authority for revocation of a debtor's discharge received in a case under Chapter 7 is contained in 11 U.S.C. § 727(d). That subsection reads:

On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

Subsection (e) of 11 U.S.C. § 727 provides the time limits within which actions under § 727(d) may be brought. It states:

> The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
>
> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
>
> (2) under subsection (d)(2) or (d)(3) of this section before the later of—
>
> > (A) one year after the granting of such discharge; and
> >
> > (B) the date the case is closed.

■ The instant case was brought by the trustee under (d)(2), for debtor's failure to report or turnover property of the estate which she obtained post-petition, but was entitled to pre-petition. Consequently, the action must have been filed before the later of one year after the granting of the discharge or the date the case is closed. The discharge was granted on November 8, 1993 and the case was closed December 2, 1993. The case closing date is the later, so the trustee's action should have been filed within one year of December 2, 1993. However, it was not filed until December 23, 1994, more than one year after the case was closed. Consequently, the trustee's action is time-barred unless there is some exception to the provisions of § 727(e). The trustee argues that equitable tolling applies as such an exception.

The trustee cites *In re Succa*, 125 B.R. 168 (Bankr.W.D.Tex.1991) in support of his argument. The facts in that case were similar to those of the instant case in that the debtor received a discharge on March 28, 1988, the case was closed June 30, 1988, and was re-opened August 26, 1988. The opinion was silent on the date the trustee's complaint to revoke discharge was filed, but the opinion constituted the court's ruling on the debtor's motion to dismiss the complaint on the ground that it was not timely filed.

The court in *Succa* concluded that the limitations period of § 727(e)(2) never commenced to run because the case was not properly closed, at least in the metaphysical sense, because there was a previously unknown asset to administer. After so concluding, the court stated as an additional ground for denial of the motion to dismiss that equitable tolling should apply because of the debtor's non-disclosure of the asset and failure to turnover the asset. This Court disagrees with both conclusions, for essentially the same reason.

The gravamen of the causes of action for revocation of discharge under § 727(d)(1) and (d)(2) are, respectively, that the debtor committed fraud in obtaining the discharge and the plaintiff did not know of the fraud until after the discharge; and that the debtor acquired property of the estate but "knowingly and fraudulently" failed to report it or surrender it to the trustee. For those specific events of undiscovered fraud and unknown acquisition of property of the estate, Congress wrote the statutes of limitation found in § 727(e)(1) and (e)(2). Agreement with the *Succa* court's conclusions would wipe those provisions from the books. Under the *Succa* rationale, if the debtor has acquired or become entitled to acquire an asset which under 11 U.S.C. § 541 would be property of the estate, the case can never be closed properly, such that the limitations period of 727(e)(2) would never commence to run. Yet that is the precise set of circumstances § 727(d)(2) and (e)(2) were written to regulate.

As noted, the *Succa* court also concluded that equitable tolling would apply to make the trustee's complaint timely. The *Succa* court found no other court decision so holding, but rather borrowed from cases decided under a trustee's avoiding powers with the general statute of limitations of 11 U.S.C. § 546, and where fraudulent concealment is not an element of any of the avoidance causes of action. This Court recognizes that equitable tolling may apply to a trustee's avoiding cause of action under §§ 544–549. *In re Olsen*, 36 F.3d 71 (9th Cir.1994); *In re United Ins. Management, Inc.*, 14 F.3d 1380 (9th Cir.1994); *In re Candor Diamond Corp.*, 76 B.R. 342 (Bankr.S.D.N.Y.1987); *White v. Boston*, 104 B.R. 951 (S.D.Ind.1989). But application of equitable tolling to the general statute of limitations for avoidance

actions does not support its application in proceedings to revoke a discharge.

A leading treatise, *Collier on Bankruptcy*, pp. 727–113–114 (15th Ed.1991) observes that the limitations periods of § 727(e) have particular import:

> This is not a mere statute of limitations, but an essential prerequisite to the proceeding. The year undoubtedly begins to run from the date of entry of the order of discharge, and not from the discovery of the fraud.... Bankruptcy Rule 9024, while making Fed.R.Civ.P. 60 applicable to bankruptcy cases, specifically provides that such application of the Civil Rule does not permit extension of the time allowed by section 727 of the Code for the filing of a complaint to revoke a discharge. The 1983 Advisory Committee note to Rule 9024 states that this makes clear that Rule 60(b) affords no basis for circumvention of the time limitations prescribed by section 727 for the commencement of any proceeding to revoke a discharge.

The *Succa* court correctly recognized the origins of federal equitable tolling in *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1875), and *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). *Holmberg* is particularly instructive because it involved a suit in equity to enforce a federal statute which itself provided no period of limitations for bringing actions under it. The Second Circuit Court of Appeals held that an analogous state statute of limitations should be applied, and found the action barred. The Supreme Court reversed.

The Supreme Court prefaced its discussion by stating:

> If Congress expressly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive. (Citation omitted.) The rub comes when Congress is silent.

327 U.S. at 395, 66 S.Ct. at 584. The Court then defined the issue before it.

> The present case concerns not only a federally-created right but a federal right for which the sole remedy is in equity.... We have the duty of federal courts, sitting as national courts throughout the country, to apply their own principles in enforcing an equitable right created by Congress. *When Congress leaves to the federal courts the formulation of remedial details*, it can hardly expect them to break with historic principles of equity in the enforcement of federally-created equitable rights. (Emphasis added.)

*Id.*

The critical language of the decision followed:

> Equity will not lend itself to such fraud and historically has relieved from it. It bars a defendant from setting up such a fraudulent defense, as it interposes against other forms of fraud. And so this Court long ago adopted as its own the old chancery rule that where a plaintiff has been injured by fraud and "remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party." (Quoting from *Bailey v. Glover*, citations omitted.)

> This equitable doctrine is read into every federal statute of limitation. If the Federal Farm Loan Act had an explicit statute, of limitation for bringing suit under § 16, the time would not have begun to run until after petitioners had discovered, or had failed in reasonable diligence to discover, the alleged deception by Bache which is the basis of this suit. (Citations omitted.)

327 U.S. at 396–97, 66 S.Ct. at 585.

More recently, the Supreme Court had occasion to revisit the issue in *Lampf v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). In that case, the Court first had to decide what statute of limitations to apply to a private cause of action under Rule 10–b5. As the Court put it:

> In a case such as this, we are faced with the awkward task of discerning the limitations period that Congress intended courts

to apply to a cause of action it really never knew existed.

501 U.S. at 359, 111 S.Ct. at 2780. The Court looked to an express cause of action under the Securities Exchange Act of 1934. The statute of limitations applicable to that express remedy provided that suit had to be brought within one year of discovery of the facts constituting the violation and within three years of the violation.

The Court then turned to the argument that equitable tolling should apply. The Court acknowledged its earlier holdings in *Bailey v. Glover* and *Holmberg v. Armbrecht,* but concluded:

Notwithstanding this venerable principle, it is evident that the equitable tolling doctrine is fundamentally inconsistent with the 1–and–3–year structure.

The 1–year period, by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary. The 3–year limit is a period of repose inconsistent with tolling.... Because the purpose of the 3–year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period.

501 U.S. at 363, 111 S.Ct. at 2782. The Ninth Circuit Court of Appeals has recognized the exception to equitable tolling that *Lampf* represents, but found the exception inapplicable to the statute of limitations of 11 U.S.C. § 546. *In re United Ins. Management, Inc.,* 14 F.3d 1380, 1385 (9th Cir.1994).

■ Resolution of the issue of whether equitable tolling applies to the limitations periods of § 727(e) thus involves determination of whether the § 727(e) limitations are intended to be prescribed limits of repose, as in *Lampf,* or more like the limitations of § 546. In this Court's opinion, the provisions of § 727(e) are intended as periods of repose.

As noted earlier, § 727(d)(1) requires the complainant to establish that the "discharge was obtained through the fraud of the debtor" and specifies that the complainant must not have learned of the fraud until after the discharge was granted. For that express cause of action, Congress provided the express limitation that the action must be brought within one year of the date of discharge. In creating the cause of action, Congress intended that the complainant not know of the fraud at the time of discharge, but still required the action be brought within one year. Most courts have concluded that equitable tolling does not apply to actions under § 727(d)(1). *In re Fresquez,* 167 B.R. 973, 975 (Bankr.D.N.M.1994); *In re Culton,* 161 B.R. 76, 79 (Bankr.M.D.Fla. 1993); *In re Bulbin,* 122 B.R. 161 (Bankr. D.C.1990); *In re Schneider,* 37 B.R. 115, 119 (Bankr.E.D.N.Y.1984); *In re Santos,* 24 B.R. 688, 690 (Bankr.D.R.I.1982). Even the court in *In re Succa,* 125 B.R. 168, 173 (Bankr. W.D.Tx.1991) recognized that proposition, but purported to distinguish the cause of action under § 727(d)(1) from the cause of action under § 727(d)(2).

To establish a cause of action under § 727(d)(2), a complainant must show that the debtor acquired or was entitled to property that would be property of the estate under 11 U.S.C. § 541, and that the debtor "knowingly and fraudulently" failed to report or surrender the property to the trustee. For that required evidence of fraudulent nondisclosure, Congress expressly required that the action be commenced within the later of one year from discharge or one year from the date the case is closed. The cause of action presupposes, and requires as an essential element the concealment from the trustee by the debtor of the property or its existence. To hold that so long as the debtor withholds that information the one year limitation never begins to run is to erase the one year limitation. For that reason, the *Succa* analysis is incorrect. Another court has reached the same conclusion. *In re Frank,* 146 B.R. 851, 854 (Bankr.N.D.Okla.1992).

■ There is a remaining issue, although it was not raised by the trustee. The issue is whether the reopening of debtor's case within one year of the date of closing interrupted the running of the limitations period. The Court concludes that it did, and the trustee's complaint to revoke the discharge was therefore timely.

As noted earlier, debtor was granted a discharge on November 8, 1993, and the case was closed by order entered December 2,

1993. The trustee's cause of action is based on 11 U.S.C. § 727(d)(2), so under § 727(e)(2) the trustee's action must have been brought within one year of the *later* of the discharge or closing of the case. Because the later event was the closing of the case, the one year period began to run on December 2, 1993.

The intent of Congress was to provide a point after which the debtor would have a fresh start, as earlier discussed. In the instance of a cause of action under § 727(d)(2) Congress contemplated that if no action were taken for more than one year after the later of the date of discharge or the closing of the case, then the debtor's discharge would no longer be revocable. If the later event were entry of the discharge, the party would have to commence the revocation proceeding within one year thereafter. When the later event is the date of closing of the case, however, it is clear that Congress understood that a case could be reopened because it provided express authority for doing so. 11 U.S.C. § 350. If the case was closed, and remained closed for more than one year, the bar of § 727(e)(2) would apply. However, if the case is reopened within the one year from closing, the case is no longer closed and the running of the one year period should be tolled.

The Court has not found any decision which directly addresses the foregoing. The closest was *In re Pankey,* 122 B.R. 710 (Bankr.W.D.Tenn.1991), *aff'd* 145 B.R. 244 (W.D.Tenn.1992). In that case, the cause of action was asserted under § 727(d)(1), for which the limitations period was, and is, one year from date of discharge. The creditor argued that a motion to reopen made within the one year was a "sufficient 'request' for revocation" to meet the limitations requirement of § 727(e)(1). The district court, on appeal, rejected that contention, holding that the running of the one year from the date of discharge could only be tolled by the filing of an adversary complaint seeking revocation. The same result should obtain under § 727(d)(2) when the *later* event is the date of discharge. But when the *later* event is the date of closing, and the case is reopened

within the one year, the one year should be tolled.

## *CONCLUSION*

Accordingly, the Court finds that the trustee's complaint was timely filed. Because the debtor has failed to appear and oppose the trustee's action, and because the trustee's action appears meritorious, the debtor's discharge shall be, and hereby is revoked.

IT IS SO ORDERED.