In re Thomas PEEBLES, Debtor.

Kathleen DWYER, Chapter
7 Trustee, Plaintiff,

v.

Thomas PEEBLES, Defendant.

Bankruptcy No. 95–10640–CJK.

Adversary No. 98–1732.

United States Bankruptcy Court,
D. Massachusetts.

Sept. 14, 1998.

Kathleen P. Dwyer, Danvers, MA, pro se as Chapter 7 Trustee.

Leonard M. Gold, Boston, MA, for Debtor.

### MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT

CAROL J. KENNER, Bankruptcy Judge.

The motion before me raises two issues related to the statute of limitations in 11 U.S.C. § 727(e)(2) for complaints (under § 727(d)(2)) to revoke a discharge for knowingly and fraudulently failing to disclose an asset: (1) whether a case is properly "closed" within the meaning of § 727(e)(2)(B)—and the bar date thereby triggered—where, for failure of the Debtor to disclose them, the undisclosed assets remained unadministered upon closing of the case; and, if so, (2) whether the limitations period in § 727(e)(2) is subject to equitable tolling pending discovery of the fraud.

The Debtor received a discharge in this Chapter 7 case on May 4, 1995, and the case was closed on May 8, 1995. On April 6, 1998, the Chapter 7 Trustee filed the complaint in this adversary proceeding, seeking to revoke the Debtor's discharge under 11 U.S.C.

§ 727(d)(2)[1] on account of the Debtor's alleged failure to disclose and turnover certain assets of the estate. The Debtor's failure to list one of his assets, a vacation home in New Hampshire, was the basis of a criminal indictment against him for bankruptcy fraud. Now the Debtor moves to dismiss the complaint as untimely, arguing that it was filed after the deadline specified in § 727(e)(2). Under that subsection, a trustee may request a revocation of a discharge under subsection (d)(2) only before the later of (A) one year after the granting of such discharge and (B) the date the case is closed. 11 U.S.C. § 727(e).[2] Conceding that her complaint was filed after the later of these dates, the Trustee responds that her complaint is nonetheless timely because (1) where the Debtor failed to disclose and surrender certain assets and, consequently, the Trustee was unable to administer those assets, the case was not *properly* closed for purposes of the filing deadline in § 727(e)(2)(B); (2) the filing deadline in subsection (e)(2) was equitably tolled during the Debtor's continuing concealment of the assets at issue; or (3) denying the motion to dismiss would, by enforcing § 727(d), serve the public policy of preventing a debtor from benefitting from his fraudulent concealment of property.

### 1. *Case Closed?*

When a case is closed more than one year after entry of the debtor's discharge, § 727(e)(2)(B) provides that the time for filing a complaint under § 727(d)(2) to revoke a debtor's discharge expires when the case is closed. In her first argument, the Trustee argues that the filing deadline has not lapsed because the debtor's case was never properly "closed" for purposes of the deadline in

§ 727(e)(2)(B). Citing § 350(a) of the Bankruptcy Code, which permits the court to close a case only after the estate is fully administered, the Trustee argues that a case can properly be closed only after the assets of the estate have been fully administered. But the Debtor's failure in this case to disclose and turnover several assets of the estate prevented her from administering those assets. Therefore, she concludes, the closing of this case on May 8, 1995, was not valid or effective for purposes of § 727(e)(2)(B).

The Court agrees with the Trustee. Section 350(a) of the Bankruptcy Code states, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Under this section, a case is properly and validly closed only *after* the trustee has fully administered the assets of the estate. Moreover, when the debtor has failed to disclose an asset in accordance with § 521(1) of the Code and the Trustee has not otherwise administered it, the asset is not, upon the closing of the case, deemed abandoned or administered for purposes of § 350, as it would be if the asset were properly disclosed. 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."). Rather, the asset remains property of the estate even after the case is closed. 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."). And the case may be reopened to administer the as-

---

**1.** Section 727(d)(2) states:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee.

**2.** Section 727(e) states:

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(1) under subsection (d)(1) of this section, within one year after such discharge is granted; or

(2) under subsection (d)(2) or (d)(3) of this section, before the later of—

(A) one year after the granting of such discharge and

(B) the date the case is closed.

set. 11 U.S.C. § 350(b) ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."). Therefore, a case is not properly or finally closed until the assets of the estate are fully administered; and the Debtor's failure to schedule the assets at issue in this proceeding resulted in their remaining unadministered upon the closing of the case.

The Debtor points out that the Trustee's position was criticized in *In re Johnson,* 187 B.R. 984, 986 (Bankr.S.D.Cal.1995) (criticizing the Trustee's position as articulated and adopted in *In re Succa,* 125 B.R. 168, 170–171 (Bankr.W.D.Tex.1991)) and, for the reasons set forth in *Johnson,* urges the Court to reject the Trustee's argument. Citing *Johnson,* the Debtor contends that Congress enacted the statute of limitations in § 727(e)(2) precisely for "undiscovered fraud." Therefore, he argues, if the limitations period were construed to begin running only upon discovery of the fraud or concealment, or upon administration of the concealed asset, the statute of limitations would be nullified and effectively erased from the statute.

The Court disagrees with the premise of this argument: that the statute of limitations in subsection (e)(2) was designed *exclusively* for causes of action that, by definition, arise only in cases that were closed without being fully administered. The statute of limitations in subsection (e)(2) applies to revocation of discharge complaints under § 727(d)(2) and (d)(3). An action under (d)(2) requires proof that the Debtor failed to report or surrender an asset, but not that the asset was not discovered or administered before the case was closed; a debtor's failure to report or surrender an asset does not always and necessarily make it impossible for the trustee to administer that same asset before the case is closed, and the trustee's timely administration of that asset would not nullify

her cause of action under (d)(2). An action under (d)(3) requires proof that the debtor committed an act specified in § 727(a)(6),[3] and none of those acts is necessarily inconsistent with the trustee's full administration of the estate before the case is closed. Therefore, although many actions under (d)(2) will involve cases that, by virtue of the acts that gave rise to the causes of action, are closed without being fully administered, both (d)(2) and (d)(3) also apply to many circumstances in which the case is closed *after* the trustee has fully administered the estate. Consequently, the Trustee's proposed interpretation of the statute of limitations in (e)(2) would not render it a nullity.

I therefore reject the Debtor's argument and hold that because he failed to schedule or otherwise disclose the assets at issue in this proceeding, they remained unadministered upon the closing of the case, such that the closing was neither proper under § 350(a) nor effective for purposes of the statute of limitations in § 727(e)(2). For purposes of § 727(e)(2)(B), this case has not been validly closed, and therefore the Trustee's complaint is timely.

### 2. *Equitable Tolling*

Although I have already ruled that the complaint is timely, it may nonetheless be prudent to address the Trustee's alternative arguments. The Trustee's first alternative argument is that the filing deadline in subsection (e)(2) was equitably tolled during the Debtor's continuing concealment of the assets at issue. The Debtor responds that (1) equitable tolling does not apply to the statute of limitations in subsection (e)(2) and (2) even if it does apply, it tolled the one-year limitations period only until the Trustee was made aware of the assets and their concealment, and that event occurred more than a

3. Section 727(a)(6) states:
(a) The court shall grant the debtor a discharge, unless—
(6) the debtor has refused, in the case—
(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;
(B) on the ground of privilege against self-incrimination, to respond to a material ques-

tion approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or
(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court, or to testify.

year before the Trustee commenced this adversary proceeding.

The Court agrees with the Trustee that the filing deadline in subsection (e)(2) is subject to equitable tolling. *In re Succa*, 125 B.R. 168, 171–174 (Bankr.W.D.Tex.1991). As announced by the Supreme Court in *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874), the equitable tolling doctrine provides that "where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party.'" *Holmberg v. Armbrecht*, 327 U.S. 392, 396–397 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946), quoting from *Bailey v. Glover*, 88 U.S. at 348. "This equitable doctrine is read into every federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. at 396–397, 66 S.Ct. at 585.

One court has held that equitable tolling does not apply to § 727(e)(2). See *Johnson*, 187 B.R. at 986–989 (holding that § 727(e) is a statute of repose and an essential prerequisite to the proceeding). The Court based its holdings on two grounds, neither of which I find persuasive.

First, it stated that subsection (e) is not a statute of limitations but something else—a statute of repose and/or an essential prerequisite to the proceeding—that is not subject to tolling. However, as the *Johnson* court concedes, the limitations period for avoidance actions in § 546(a)[4] of the Bankruptcy Code is a statute of limitations and is subject to equitable tolling. *Johnson*, 187 B.R. at 986. But § 546(a) is virtually identical in structure and language to § 727(e)(2); if § 546(a) is subject to equitable tolling, why shouldn't § 727(e)(2) be as well? *Johnson* seems to offer two bases for distinguishing them: (1)

that fraudulent concealment is not an element of any of the avoidance causes of action to which § 546(a) applies; and (2) that FED. R.BANKR.P. 9024(2) states that "a complaint to revoke a discharge order in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e)," not within the time permitted by FED.R.CIV.P. 60(b). Neither basis stands up to scrutiny.

The avoidance actions that are subject to § 546(a) include, in no small part, fraudulent conveyance actions, both under state law (by exercise of the trustee's power under 11 U.S.C. § 544(b)) and under 11 U.S.C. § 548, including actions to avoid transfers made with intent to hinder, delay, and defraud creditors; many involve, as the gravamen of the trustee's cause of action, the intentional concealment of assets from creditors and the trustee. Moreover, as I explained above, concealment is not an element of every cause of action to which § 727(e)(2) applies. Therefore, the presence or absence of fraudulent concealment in the underlying cause of action is not a distinguishing factor.

Neither is the language of Rule 9024(2): the rule does not affect § 727(e) or prevent it from incorporating the doctrine of equitable tolling, first because rules should not be construed to modify the statutory law; but also because equitable tolling is not dependent on Rule 60(b) for its application. Rule 9024 cannot and does not purport to dictate whether § 727(e)(2) should be construed to incorporate the doctrine of equitable tolling; it simply confines a litigant to the limitations in § 727(e), *whatever they might be.* So Rule 9024(2) does not distinguish § 546(a) from § 727(e)(2). I see no valid basis for distinguishing between the two. Just as the doctrine of equitable tolling is read into the former, it should be read into the latter.

The second basis for the *Johnson* holding is that § 727(e)(2) cannot be subject to equitable tolling without vitiating it altogether.

---

**4.** Section 546(a) provides:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
(1) the later of—
  (A) 2 years after the entry of the order for relief; or

  (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
(2) the time the case is closed or dismissed.
11 U.S.C. § 546(a).

This conclusion is based on the premise that § 727(e)(2) was written for causes of action that, by their nature, would for some time be concealed. The Debtor contends that Congress knew this in enacting the limitations period in (e)(2) and yet included no tolling provision; therefore, the theory goes, tolling would undermine the statute and Congress's intent in not expressly enacting a tolling provision.

I reject this theory on two grounds. First, as I explained above, the limitations period in (e)(2) does not apply solely to actions that, by their nature, involve concealment from the trustee. It applies to many actions that involve no concealment at all. And even the actions under § 727(d)(2) do not require proof that the trustee was unaware of the action or of the unreported asset, only that the Debtor failed to report or deliver the asset to the Trustee; neither failure to report nor failure to deliver is necessarily incompatible with the Trustee's awareness of the facts constituting the cause of action. Second, Congress's failure to expressly provide for tolling should not be construed as prohibitive because, in accordance with the Supreme Court's rulings in *Bailey v. Glover* and *Holmberg v. Armbrecht,* "[t]his equitable doctrine is *read into* every federal statute of limitation." *Holmberg v. Armbrecht,* 327 U.S. at 396–397, 66 S.Ct. at 585 (emphasis added). In other words, equitable tolling is automatic; Congress can override *Holmberg* and prevent equitable tolling, but, in view of *Holmberg,* it must do so expressly. Silence is not prohibitive.

For these reasons, I hold that the doctrine of equitable tolling should be read into § 727(e)(2). To establish that the statute was tolled and has not lapsed, the Trustee must prove, with respect to each of her causes of action under § 727(d)(2), that she remained unaware of them until one year or less from the date on which she filed her complaint. The Debtor does not dispute that she was unaware of the causes of action when the case was initially closed, but he alleges that she learned of them more than one year before she filed the complaint. These issues will require the presentation of evidence, so, though I rule now that the limitations period in § 717(e)(2) can be tolled, I make no ruling at this time as to whether it has been tolled. The parties may present their evidence on this issue at trial.

### 3. *Public Policy*

As a third basis for opposing dismissal, the Trustee argues that, even if the statute of limitations has lapsed, the Court should deny the motion to dismiss because revoking the Debtor's discharge would serve the public policy that limits bankruptcy relief to honest debtors and denies it to those who, by concealing assets for long enough, not only defraud their creditors but turn a statute of limitations into the means by which the fraud is made successful and secure. I need not address this argument. It only restates the justification for reading the doctrine of equitable tolling into every federal statute of limitations, a theory on which the Trustee has already prevailed.

### *ORDER*

For the reasons set forth above, the Defendant's Motion to Dismiss Complaint is hereby DENIED.