**In re Gary A. BOYD, and Karen M. Boyd, Debtors.**

**Edward F. Towers, Trustee, Plaintiff/Appellant,**

v.

**Gary A. Boyd and Karen M. Boyd, Defendants/Appellees.**

**No. C 99–3802 CRB.**

United States District Court, N.D. California, San Francisco Division.

Jan. 20, 2000.

---

758

Dennis D. Davis, Goldberg, Stinnett, Meyers & Davis, San Francisco, CA, for Plaintiff.

Iain MacDonald, Law Offices of Iain A. MacDonald, San Francisco, CA, for Defendant.

United States Bankruptcy Court Northern District of California, Docketing Manager, San Francisco, CA, for Litigant.

## MEMORANDUM AND ORDER

BREYER, District Judge.

U.S. Trustee Edward F. Towers appeals the bankruptcy court's dismissal of his complaint. After carefully considering the papers filed by the parties, and having had the benefit of oral argument, the bankruptcy court is AFFIRMED.

### *BACKGROUND*

Gary and Karen Boyd ("the Boyds"), debtors to a bankruptcy estate for which Edward F. Towers ("Towers") served as trustee,[1] filed a joint voluntary Chapter 7 bankruptcy petition in 1995. In their sworn schedules, the Boyds failed to disclose the fact that they held a cause of action against Home Depot for injuries caused in an earlier accident. As a result of this nondisclosure, the court closed the case as a no-asset case on February 7, 1996. After the court closed the case, the Boyds pursued their cause of action against Home Depot, and recovered $700,-000 in a settlement.

When Towers learned about the settlement in early 1998, he reopened the case

---

1. Mr. Towers has since retired, and has been replaced by successor trustee E. Lynn Scho-   enmann.

in bankruptcy court. The Boyds then filed an amendment to their schedules, alleging that their personal injury settlement was exempt from recovery by Towers. In response, Towers prepared an objection to the claimed exemption, which he promptly served upon the Boyds, but failed to file with the court within the time allotted by Federal Rules of Bankruptcy Procedure.

Subsequently, Towers filed a complaint in bankruptcy court seeking denial of the exemption, recovery of the $700,000, and revocation of the Boyds' discharge. Bankruptcy Judge Dennis Montali dismissed the complaint, concluding that Towers' claims were time-barred. Towers now appeals, alleging that the bankruptcy court erred in the following respects: 1) holding that U.S. Supreme Court case *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), requires timely filing of an objection to an exemption where actual notice of the objection was given; 2) holding that Bankruptcy Code section 105 does not provide an independent basis for objecting to a claim of exemption; 3) finding that the statute of limitations in Bankruptcy Code section 727 may not be tolled by a debtor's fraud; and 4) allowing the debtors to amend their bankruptcy schedules by claiming the personal injury exemption.

### STANDARD OF REVIEW

The district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions. *See Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir.1997). Thus, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *See Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.)*, 165 F.3d 1243, 1245 (9th Cir.1999). Since the scope of the current appeal is limited to the bankruptcy court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it is a matter of law, and a de novo standard of review will

be applied. *See Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1228 (9th Cir. 1997).

### DISCUSSION

Towers makes two arguments as to why the late objection should be allowed, and two arguments as to why the debtors' alleged fraud creates an opening for the trustee to administer the personal injury assets. All four of these arguments are unpersuasive. The Court affirms the bankruptcy court's decision to grant the Boyds' motion to dismiss because Towers' claims are time-barred.

### I. THE BANKRUPTCY COURT CORRECTLY HELD THAT TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTION WAS TIME–BARRED.

Towers first argues that the bankruptcy court erred in holding that U.S. Supreme Court case *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), requires timely filing of an objection to a claim of exemption where actual notice of the objection was given. Alternatively, he argues that the Court should use its equitable powers under Bankruptcy Code section 105 to cure his failure to file a timely objection.

### A. Overview of Bankruptcy Code, Bankruptcy Rules, and Case Law Regarding Objections to Exemptions

The requirements for exempting property from a debtor's estate and for filing objections to such exemptions are governed by the bankruptcy code and rules. Bankruptcy Code section 522(*l*) requires debtors to list any property exempted under federal or state law, and Rule 4003(a) requires the exemptions to be listed on a schedule of assets pursuant to Rule 1007. The Boyds amended their joint bankruptcy schedule under California Code of Civil Procedure section 704.140(a), which exempts a cause of action for personal injury. *See* Judge Montali's Memorandum Deci-

sion of May 18, 1999 ("Mem.Dec.") at 8 n. 3. A trustee has 30 days to file an objection to an exemption claimed by a debtor on his or her amended bankruptcy schedule. Fed.R.Bankr.P. 4003(b). Absent an objection, the claimed property will be exempted from the estate. 11 U.S.C. § 522(*l*).

█ The U.S. Supreme Court articulated a rule of strict interpretation for the timeliness of Rule 4003(b) objections in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor*, the Court held that a trustee must object to a claimed exemption within the 30–day time limit, and that if a trustee fails to object within 30 days, the property is rendered exempt and the trustee is barred from contesting the validity of the exemption. 503 U.S. at 642, 112 S.Ct. 1644. The time limit applies regardless of the merits of the exemption. *Id.* The debtor in *Taylor* had claimed the expected proceeds from a pending lawsuit as exempt property, and the trustee failed to object to the exemption. *Id.* at 640–41, 112 S.Ct. 1644. After the debtor settled her lawsuit, the trustee sought to have the money turned over to the debtor's bankruptcy estate. *Id.* at 641, 112 S.Ct. 1644. Although the bankruptcy court and the district court held that the debtor had no statutory basis for claiming the entire settlement exempt, the Supreme Court found that the property was exempt because the trustee failed to object within the 30–day time limit. *Id.* at 640–42, 112 S.Ct. 1644. The Supreme Court concluded that the trustee could not contest the exemption, whether or not the debtor "had a colorable statutory basis for claiming it." *Id.* at 643–44, 112 S.Ct. 1644.

## B. Actual Notice Does Not Satisfy the Filing Requirement Under Bankruptcy Rule 4003

█ Towers does not deny that *Taylor* controls the determination of the timeliness of his objection to the exemption. Instead, he argues that under the bright-line rule in *Taylor*, actual notice of a trust-ee's intent to file an objection is sufficient to comply with Rule 4003(b), even if the objection is not filed with the court within 30 days. He asserts that the bankruptcy court erred in holding that an objection must be filed with the bankruptcy court within the 30–day time limit where actual notice of the objection has been given to debtors.

Towers argues that the policy underlying Rule 4003(b) is to provide timely notice to debtors that their exemption will be contested. He argues that a trustee or creditor is not required to abide by the literal meaning of the language in Rule 4003(b) that "[t]he trustee or any creditor may *file* objections to the list of property claimed as exempt within 30 days after . . . the filing of any amendment to the list or supplemental schedules . . . ." (emphasis added). Towers' argument has no support. Several cases have rejected the argument that actual notice can act as a substitute for a filing with the court under Rule 4003(b). *See Taylor*, 503 U.S. at 640–42, 112 S.Ct. 1644; *Clark v. Kazi (In re Kazi)*, 985 F.2d 318, 321–22 (7th Cir. 1993); *Canino v. Bleau (In re Canino)*, 185 B.R. 584, 591–92 (9th Cir. BAP 1995).

In *Taylor*, even though the trustee notified debtors that he considered the potential proceeds from debtor's lawsuit to be property of the bankruptcy estate, the Supreme Court found that failure to file a timely objection foreclosed the challenge. 503 U.S. at 640–42, 112 S.Ct. 1644. In examining whether actual notice was sufficient, the Seventh Circuit concluded that *Taylor* "forecloses the trustee's 'actual notice' argument." *In re Kazi*, 985 F.2d at 321–22.

None of the cases to which Towers cites hold that actual notice substitutes for filing an objection with the court *in some form*. *See Spenler v. Siegel (In re Spenler)*, 212 B.R. 625, 630 (9th Cir. BAP 1997) (finding that Rule 4003(b) was meant to provide debtor with timely notice, and that trustee had filed an objection to debtor's exemption); *Havas Leasing Co. v. Breen (In re*

*Breen)*, 123 B.R. 357, 360 (9th Cir. BAP 1991) (trustee's timely motion "in essence" objected to debtor's claim); *Young v. Adler (In re Young)*, 806 F.2d 1303, 1305 (5th Cir.1987) (trustee "effectively" complied with the rule by objecting in a motion); *Applebee v. Brawn (In re Brawn)*, 138 B.R. 327, 333 (Bankr.D.Me.1992) (creditors' response to debtors' motion to avoid lien "manifested" their intent to object). These cases negate Towers' actual notice argument. The bankruptcy court was correct in holding that actual notice was insufficient to comply with Rule 4003.[2]

### C. Towers' Failure to File A Timely Objection Cannot be Cured by Using the Court's Equitable Powers Under Bankruptcy Code Section 105

Second, Towers argues that the bankruptcy court should have found an independent basis for objecting to an exemption under Bankruptcy Code section 105. Bankruptcy Code section 105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Towers argues that the bankruptcy court should have used its equitable powers under section 105 to permit his late objection. Towers cites two reasons why the court should have used its equitable discretion: 1) the debtors had actual notice of Towers' intent to file, so the official date of Towers' filing is unimportant; and 2) the debtors acted in bad faith in concealing their assets. Both arguments fail.

### 1. Actual Notice

As the bankruptcy court noted, section 105 gives courts equitable powers, but "Section 105 does not authorize relief inconsistent with more . specific law." Mem.Dec. at 6, citing *Seaport Automotive Warehouse, Inc. v. Rohnert Park Auto Parts, Inc. (In re Rohnert Park Auto Parts, Inc.)*, 113 B.R. 610, 615 (9th Cir. BAP 1990). The bankruptcy rules contain specific limitations on the right to object to a debtor's claimed exemption. First, Rule 4003(b) requires a trustee or creditor to file an objection within 30 days of an amended exemption, and the Supreme Court construed this rule strictly in *Taylor*. In another indication that Rule 4003(b)'s time limit must be construed strictly, Rule 9006(b) usually allows a court

---

2. As noted above, Towers' counsel failed to comply with a critical deadline for filing objections to claims of exemption. Instead, he created the impression that his objections had been timely filed by serving his objections upon the Boyds within the requisite 30 day time period. Tr.Mot. Dismiss at 45. Once he discovered that his objections had not been filed with the court, he then, without notice to his adversary, belatedly filed with the court. *Id.* at 43. He entered into settlement negotiations without disclosing the fact that the objections had not been timely filed. *Id.* Only when the Boyds' attorneys checked the docket did they realize that Towers' counsel had missed the deadline. *Id.*

In oral arguments before this Court and the bankruptcy court, Towers' counsel asserted that informing the Boyds about his failure to comply with the deadline would have constituted malpractice. Tr.Mot. Dismiss at 53.

This Court disagrees with such an assertion. It can hardly be suggested that advising one's opponent that counsel has created a false impression can fall below the standard of care expected of the legal profession. *See* ABA Center for Professional Responsibility, Model Rules of Professional Conduct, Preamble (2), Model Rule 4.1 (1999 ed.). When a lawyer has, as in this case, created a false impression, the Court believes that he has a duty to correct this misimpression.

The logic of counsel's argument suggests that attorneys must scrutinize docket sheets on every filing to see if their adversary has actually submitted the original pleading to the court for filing. This is nonsense. Candor would have dictated that Towers' counsel disclose his late filing to his adversary. Instead he sought to take advantage of his deception in settlement negotiations. This conduct should not be condoned.

to enlarge the time limit prescribed in bankruptcy rules if failure to meet a deadline was the result of "excusable neglect." However, Rule 9006(b)(3) explicitly limits a court's ability to take such action under Rule 4003(b). *See* Fed.R.Bankr.P. 9006. These provisions exemplify the importance that the bankruptcy rules place on the time-limited nature of the right to object. Given such clear directives, the Court will not use its equitable powers to achieve a contradictory result.

### 2. Bad Faith

■ Towers also argues that *Taylor* "did not preclude the Section 105 argument where bad faith or fraud has been committed." Although *Taylor* left open the issue of whether section 105 can be used to disallow exemptions claimed in bad faith, this Court will not create a "bad faith exception" to Rule 4003(b)'s filing requirements. *See Taylor*, 503 U.S. at 645–46, 112 S.Ct. 1644. As a leading treatise notes, since *Taylor*, "most courts have held that section 105 cannot be used as a basis for any implied good faith exception to the time limits set forth in the Bankruptcy Code and Rules with respect to the debtor's list of exemptions." 2 *Collier on Bankruptcy* ¶ 105.04(6)(a) (15th ed.1999).

To the Court's knowledge, no other court has used section 105 as a vehicle for circumventing the time limit where the trustee knew about a bad faith exemption but failed to file an objection in time, although several courts have discussed such a possibility. *See In re Canino*, 185 B.R. at 594 and *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 588 (9th Cir. BAP 1996) (both declining to reach the section 105 issue). The only post-*Taylor* case Towers cites in support of his section 105 argument is *In re Montanez*, 233 B.R. 791 (Bankr.E.D.Mich.1999), in which the court found that "unique circumstances" warranted exercise of discretion under section 105(a) to allow an untimely objection. *See In re Montanez*, 233 B.R. at 797–98 (finding abuse of process where debtor claimed

an exemption, but denied any interest in the property). However, in *In re Montanez*, the court noted that "this is not a case of the trustee 'missing' the deadline; rather it is a case of the debtor concealing information crucial to the administration of the estate." *Id.* at 798. Towers' reliance on this case is misguided because he cannot argue that the amended exemption concealed the lawsuit—he simply missed the filing deadline. It is noteworthy that the *In re Montanez* court, writing in April 1999, was "unable to find any case where ... § 105(a) was applied in this context." *Id.* at 797 n. 1.

### D. Conclusion

In sum, the bankruptcy court did not err in rejecting Towers' section 105 claim. Courts should not exercise their equitable discretion in a way that contravenes mandates such as Rule 4003(b). Although *Taylor* did not foreclose the possibility of using section 105 to disallow bad faith exemptions, the Supreme Court held that the bankruptcy rules are not subject to an implied good faith exception. 2 *Collier on Bankruptcy* ¶ 105.4(6)(a) (15th ed.1999). In light of *Taylor* and the fact that no other court has used section 105 to find an independent basis for allowing untimely claims on similar facts, the Court affirms the bankruptcy court on this issue. Therefore, Towers' objection is time-barred both because actual notice is insufficient to comply with Rule 4003, and because section 105 cannot cure the late filing.

### II. TOWERS DID NOT SEEK TO REVOKE THE DEBTORS' DISCHARGE WITHIN THE STATUTORY TIME PERIOD FOR DISCHARGE BASED ON FRAUD, SO HIS ADDITIONAL FRAUD ALLEGATIONS ARE PRECLUDED.

Towers alleges that the Boyds "fraudulently secreted" a $700,000 asset from their creditors, the trustee, and the bankruptcy court by failing to disclose their

personal injury cause of action. He argues that equitable tolling should apply to the time limit for bringing revocation of discharge actions based on fraud, and that the Boyds' amended claim of exemption should be disallowed under the "fraud exception" to debtors' right to amend. The Court concludes that equitable tolling does not apply to such revocation actions, so the discharge stands, rendering Towers' "fraud exception" argument moot.

### A. Equitable Tolling Cannot Be Used to Excuse Trustee's Untimely Revocation of Discharge Claim

Towers argues that the bankruptcy court erred in finding that Bankruptcy Code section 727 may not be tolled by debtors' fraud. His two arguments as to why his untimely revocation claim should be permitted are: 1) the equitable tolling doctrine should apply to section 727 because courts have applied it to other sections of the Bankruptcy Code; and 2) section 727's time limits never began to run because the case was never properly closed. Both arguments fail.

### 1. Overview of Bankruptcy Code, Bankruptcy Rules, and Case Law Pertaining to Towers' Section 727 Arguments

■ Bankruptcy Code section 727 governs the granting of a debtor's discharge. Section 727(d)(1) permits a trustee to request to revoke the discharge of a case when that discharge is obtained through fraud about which the requesting party did not know before the discharge was granted. Section 727(d)(2) permits revocation of discharge when a debtor acquired or became entitled to property of the estate that it knowingly and fraudulently failed to report, deliver or surrender to the trustee.

If Towers' factual allegations are true, then he may have had the right to revoke the discharge pursuant to section 727. However, to successfully revoke discharge under section 727, Towers had to meet section 727(e)'s time limits. Bankruptcy Code section 727(e)(1) requires that a trustee must request to revoke discharge under section 727(d)(1) within one year after discharge is granted, and section 727(e)(2) requires that a request under section 727(d)(2) must be made before the later of a) one year after the granting of discharge, and b) the date the case is closed. The Boyds' case was discharged on January 27, 1996, and the case was closed on February 7, 1996. Towers' complaint was not filed until April 21, 1998, well beyond the last possible date on which he could commence a revocation action.

■ In addition to the limiting language in section 727, the bankruptcy rules carefully restrict the time period for bringing revocation actions. Bankruptcy Rule 9024, which makes Federal Rule of Civil Procedure 60 (Relief from Judgment or Order) applicable to bankruptcy proceedings, specifically prohibits application of the civil rule to revocation of discharge claims under section 727(e). The 1983 Advisory Committee Note to Rule 9024 emphasizes that pursuant to section 727(e), a complaint to revoke discharge must be filed within one year of discharge or the later of one year after discharge or the date the case is closed. Thus, the bankruptcy code and rules do not contemplate equitable tolling because of a debtor's fraud. The Court is mindful that "equitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *Apex Wholesale, Inc. v. Blanchard (In re Blanchard)*, 241 B.R. 461, 465 (Bankr.S.D.Cal.1999) (quoting *Casciato–Northrup v. Phillips (In re Phillips)*, 233 B.R. 712 (Bankr. W.D.Tex.1999)); *see also Malloy v. Frank (In re Frank)*, 146 B.R. 851, 854 (Bankr. N.D.Okla.1992) ("in recent cases the Supreme Court has repeatedly held that the Bankruptcy Code should be interpreted to give effect to the plain meaning of its terms").

To the Court's knowledge, the Ninth Circuit has not ruled on equitable tolling under section 727. The majority of courts considering the issue have held that equi-

table tolling does not excuse untimely initiation of a revocation of discharge. *See* Rosemary Williams, *Creditor's Right to Have Bankruptcy Discharge of Individual Debtor Revoked, Vacated, and Set Aside,* 138 A.L.R.Fed. 253 § 12(a) (1997); *Davis v. Johnson (In re Johnson),* 187 B.R. 984, 988 (Bankr.S.D.Cal.1995). For example, in *In re Johnson,* the court held that equitable tolling could not be applied correctly to section 727 because if equitable tolling due to fraud stayed the running of those express time periods, it would render section 727(e)'s time limits moot. 187 B.R. at 988.

Other courts within the Ninth Circuit and beyond have similarly refused to allow equitable tolling to provide an alternate time period for filing revocation claims. *See In re Blanchard,* 241 B.R. at 464–65; *In re Frank,* 146 B.R. at 854. Case law and treatises almost unanimously favor reading sections 727(d)(1) and (e)(1) as prohibitive of equitable tolling. *See 6 Collier on Bankruptcy* ¶ 727.16(1) (15th ed.1996) (section 727(d)(1) is not a statute of limitations, but "an essential prerequisite to the proceeding. The year undoubtedly beings to run from the date of entry of the order of discharge, and not from discovery of the fraud.... The one-year period is not tolled by the debtor's concealment of assets"); *In re Johnson,* 187 B.R. at 988 (citing five cases from various jurisdictions concluding that equitable tolling does not apply to actions under section 727(d)(1)).

Some courts have found that section 727(e)(2), which mandates the time limit for revocations under section 727(d)(2) and 727(d)(3), is not inconsistent with equitable tolling because it applies to situations beyond fraudulent concealment. *See In re Phillips,* 233 B.R. at 718 n. 5; *Dwyer v. Peebles (In re Peebles),* 224 B.R. 519, 523 (Bankr.D.Mass.1998). However, the Court is not persuaded that equitable tolling applies to the specific time limit in section 727(e)(2), nor has Towers made the argument that the congressional intent and

construction of section 727(d)(2) and (e)(2) warrant such an interpretation.

Despite this persuasive authority, Towers urges the Court to expand the equitable tolling doctrine to section 727, following the rationale that some courts have used to apply equitable tolling to time limits in other sections of the bankruptcy code. Although some courts have used the equitable tolling doctrine to sustain untimely avoidance actions under Bankruptcy Code sections 544–549, *see, e.g. Olsen v. Zerbetz (In re Olsen),* 36 F.3d 71 (9th Cir.1994), many courts have distinguished between avoidance actions and revocation actions. *See In re Blanchard,* 241 B.R. at 465; *In re Johnson,* 187 B.R. at 986–87.

■ The avoidance sections and section 727 are distinct enough to warrant different rules with respect to equitable tolling. Section 727 "is the heart of the fresh start provisions of the bankruptcy law, and must be construed liberally in favor of the debtor and strictly against the objector." *Beauchamp v. Hoose (In re Beauchamp),* 236 B.R. 727, 730 (9th Cir. BAP 1999) (citations omitted). By contrast, the purpose of sections 544–549 is to set out the trustee's powers to avoid liens and transfers that affect the property of the estate. *4 Collier on Bankruptcy* ¶ 544.01 (15th ed.1998). At least one case allowing equitable tolling under these sections distinguished the time limit in section 727, noting that although the avoidance action was not time barred, revocation of discharge was time barred. *See Kozman v. Herzig (In re Herzig),* 96 B.R. 264, 267 n. 1 (9th Cir. BAP 1989).

### 2. Proper Closing of the Case Under Section 350

■ Towers also argues that the court should adopt the rationale of some courts that have permitted untimely revocation actions by concluding that fraudulent concealment of assets precluded a proper "closing" of a case, as defined by Bankruptcy Code section 350. *See Caughey v. Succa (In re Succa),* 125 B.R. 168, 171

(Bankr.W.D.Tex.1991); *In re Peebles,* 224 B.R. at 521. Towers relies largely on *In re Succa,* which held that the time limit under section 727(e)(2) never commenced to run because fraudulent concealment of an asset precluded full administration of the estate as required for the closing of a case under section 350. 125 B.R. at 171.

■ The logic of *In re Succa* and *In re Peebles* is not persuasive. The bankruptcy code emphasizes the importance of giving debtors a "fresh start" and uses finality of discharge to effectuate this goal. *See* H.R.Rep. No. 595, at 384–85 (1977) and S.Rep. No. 989 at 98–99 (1978), *reprinted in Norton Bankruptcy Law and Practice 2d* 798–99 (1999) (section 727); H.R.Rep. No. 595 at 365–66 (1978) and S.Rep. No. 989 at 80 (1978), *reprinted in Norton Bankruptcy Law and Practice 2d* 592 (section 524), U.S.Code Cong. & Admin. News 1978, pp. 5963, 6340–6341, 5787, 5884–5885, 5963, 6320–6321, 5787, 5865. Revocation of discharge is considered an "extraordinary remedy." *Bowman v. Belt Valley Bank, (In re Bowman),* 173 B.R. 922, 924 (9th Cir. BAP 1994). If the Court interpreted the bankruptcy code as Towers suggests, a debtor's discharge would lose its finality. Under Towers' proposed system, a trustee or creditor could seek revocation years after the discharge, alleging fraud. Juxtaposing section 350 and section 727 in this way would render the time limits in section 727(e) moot. The Court cannot believe that Congress intended such a result.

### 3. Conclusion

In sum, there are several reasons why the Court affirms the bankruptcy court's conclusion that Towers' revocation claim was time barred. First, according to the specific language of the bankruptcy code and rules, Towers failed to file his complaint in time. Second, most courts have refused to allow equitable tolling in section 727 claims, even in cases where the debtor failed to disclose assets before the case was discharged and closed. Finally, the

meaning of "closed" in section 350 should not trump section 727's time limits.

### B. Towers Cannot Object to the Bankruptcy Court's Allowance of the Boyds' Amendments

The final issue Towers raises on appeal is whether the Boyds should have been allowed to amend their bankruptcy schedules because they fraudulently concealed their personal injury cause of action. He asserts that the bankruptcy court erred in finding that the Boyds had an absolute right to amend their schedules.

### 1. Overview of the Right to Amend

■ Federal Rule of Bankruptcy Procedure 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." As the 1983 Advisory Committee Note accompanying the rule explains, the rule demonstrates a "permissive" approach to amendments. The widely-followed judge-made exception to this statutory rule is that a court may deny a debtor leave to amend if there is a showing of bad faith or prejudice to creditors. *Martinson v. Michael (In re Michael),* 163 F.3d 526, 529 (9th Cir.1998) (citing *Andermahr v. Barrus (In re Andermahr),* 30 B.R. 532, 533 (9th Cir. BAP 1983)); *In re Yonikus,* 996 F.2d 866, 872 (7th Cir.1993); 9 *Collier on Bankruptcy,* ¶ 1009.02(1) (15th ed.1996).

■ Although couched in terms of "fraud," Towers' complaint essentially alleges bad faith. As mentioned earlier, Towers alleges that the Boyds "fraudulently secreted" a $700,000 asset from their creditors, the trustee, and the bankruptcy court by failing to disclose their personal injury cause of action. Section 522(*l*) of the Federal Bankruptcy Code requires that the debtor file a list of exempt property. 11 U.S.C. § 522(*l*); *In re Andermahr,* 30 B.R. at 533. Concealing an asset by intentionally failing to list it on an asset schedule can be construed as bad faith.

766

*See In re Yonikus,* 996 F.2d at 866; *In re Lundy,* 216 B.R. 609, 611 (Bankr. E.D.Mich.1998).

Regardless of any alleged bad faith on the part of the Boyds, the Court concludes that it is unnecessary to reach this issue because the Boyds have already been granted discharge. As discussed, Towers failed to seek revocation within the statutorily-allotted time period, so the discharge stands. He reopened the case to administer the personal injury settlement funds, but failed to object to the claimed exemption in time. Towers has nothing to gain by urging the Court to strike the Boyds' amendment now. He cannot use fraud allegations as a way to obtain authority to administer those funds after the time limit for revoking discharge has expired.

### 2. Debtors Did Not Need the Court's Permission to Amend Their Schedules Because the Case Was Reopened

 In addition to alleging bad faith grounds for denying the Boyds' amendment, Towers argues that a debtor must get the court's permission before amending schedules in a *reopened* bankruptcy case. He bases this argument on the language in Rule 1009 that a schedule "may be amended by the debtor as a matter of course at any time *before the case is closed.*" Fed.R.Bankr.P. 1009(a) (emphasis added). There is no support for this theory in the case law. Therefore, the bankruptcy court was correct in holding that for the purposes of filing amendments, there is no difference between an open case and a reopened case, and the Boyds did not need the court's permission to amend.

### CONCLUSION

In sum, the bankruptcy court did not err in dismissing Towers' complaint. The bankruptcy court correctly held that actual notice does not satisfy the filing requirements of Rule 4003(b), and that section 105 cannot cure the trustee's failure to file a timely objection. Equitable tolling due to debtors' fraud does not apply to the time limits for filing an action to revoke discharge under section 727, nor does it serve any purpose to disallow amendments after debtors have been granted discharge.

For the foregoing reasons, the bankruptcy court is AFFIRMED.

**IT IS SO ORDERED.**